UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-307-KKC

BRAD DENNEY                                                                        PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

HON. JERRY D. WINCHESTER, ET AL.                                   DEFENDANTS

The *pro se* plaintiff, Brad Denney, is currently confined in Little Sandy Correctional Complex ("LSCC") in Sandy Rock, Kentucky. This action is before the Court for consideration, the defendants having removed the proceeding from the McCreary Circuit Court on June 3, 2005, pursuant to the provisions of 28 U.S.C. §1441(b) [Record No. 1]. The defendants stated in their "Notice of Removal" that the plaintiff had raised federal questions under 42 U.S.C. §1983 and the Eighth and Fourteenth Amendment of the United States Constitution [*Id*.].

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See*

*Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) affords a

court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous

or malicious or (ii) fails to state a claim upon which relief can be granted.

<u>CLAIMS</u>

In the §1983 complaint the plaintiff filed in the McCreary Circuit Court, now removed to this

Court, the plaintiff named various court officials and his trial attorney as defendants.  He alleged that

they denied him due process of law in connection with his February, 2003 murder and robbery trial

in the McCreary Circuit Court.[1]  During the voir dire portion of his 2003 murder trial, the plaintiff

pled guilty to a charge of murder.  He is now serving a life sentence.  The plaintiff alleges that the

defendants entered into a covert conspiracy to deny him of his Fourteenth Amendment due process

rights. His primary complaint is that the all of the defendants failed to ensure that there was a

transcript of a discussion between his attorney and the prosecutor about a specific plea bargain,

which discussion he alleges occurred during the voir dire part of his murder trial.

The plaintiff alleges, to the extent that no transcript of the voir dire proceedings existed, that

he was prevented from preparing an adequate direct appeal.  Thus, he contends that the absence of

a transcript deprived him of his right to due process rights of law under the Fourteenth Amendment.

The plaintiff also alleged that the defendants violated his Eighth Amendment rights.

<u>DEFENDANTS</u>

The plaintiff names the following defendants:  (1) Hon. Jerry D. Winchester, Judge,

McCreary Circuit Court; (2) Othel King, Clerk, McCreary Circuit Court; (3) Hon. Allen Trimble,

---

[1] For the sake of simplicity, the Court will refer to the McCreary Circuit Court as "the trial court."

McCreary County Commonwealth Attorney; (4) Jane R. Butcher, attorney; and (5) John and/or Jane Doe, being sued as Jane or John Doe, Court Reporter of the McCreary Circuit Court.

<u>RELIEF REQUESTED</u>

The plaintiff seeks monetary damages in the amount of $100,000.00 from each defendant and punitive damages in the amount of $100,000.00.  He also seeks injunctive relief in the form of an order prohibiting the defendants from committing any further acts as described in the complaint, and denouncing the defendants' acts as described in the complaint.  The plaintiff requests the entry of an order freezing all of the defendants' bank accounts and property interests.

<u>DISCUSSION</u>

The plaintiff provided very little information about his claim, other than a basic allegation that the absence of a transcript of the voir dire proceedings violated his due process of law.  In a pleading he filed in the trial court record on May 23, 2005, the plaintiff did state that the "Kentucky Court's just denied plaintiff's mandamus because the cause of action had been reversed for April 28, 2005."  [Record No. 1, Plaintiff's "Reply/ Response to Defendant King's Motion to Dismiss]

1. <u>Plaintiff's Litigation in the Kentucky Court of Appeals</u>
A.  <u>Appeal No. 2004-CA-000571-MR</u>

In light of that comment, the Court reviewed the status of the plaintiff's appellate proceeding(s) in the Kentucky Court of Appeals and the Kentucky Supreme Court, all of which is public record.  The plaintiff filed several proceedings and/or appeals relating to his 2003 murder trial and resulting conviction, one of which is currently pending in the Kentucky Supreme Court.

Specifically, the Court takes judicial notice of an appeal to the Kentucky Court of Appeals, which the plaintiff filed in the trial court on March 19, 2004.  *See Denney v. Commonwealth of Kentucky*, Appeal No. 2004-CA-000571-MR.  The plaintiff filed that appeal when the trial court

denied his RCr. 11.42 post-conviction motions for relief.  On April 29, 2005, a three-member panel of the Kentucky Court of Appeals entered an "Opinion Reversing and Remanding" the trial court's denial of the plaintiff's RCr. 11.42 motion.

The Kentucky Court of Appeals' decision of April 29, 2005, explains that the plaintiff had argued that his trial attorney had rendered ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.  Plaintiff alleged that his attorney failed to inform him, during the voir dire phase of his murder trial, about the *terms* of a plea agreement which the Commonwealth had offered during the voir dire phase.  The plaintiff alleged that later that same day, his trial attorney informed him that the offer had been withdrawn.  The plaintiff argued in his appeal that he learned that Commonwealth's initial, subsequently withdrawn plea offer was for a sentence shorter than life imprisonment, the punishment he accepted in a later guilty plea.  He argued that his counsel's failure to fully inform him about the terms of an earlier plea offer, at the time the offer was extended, precluded him from making an informed decision as to whether to accept the plea..

In reversing and remanding the trial court's denial of the plaintiff's RCr. 11.42 motion, the Kentucky Court of Appeals noted that the trial court's record was devoid of any evidence regarding the terms of the initial plea offer.  Based upon that fact, and because the plaintiff was required to meet a high burden of proof to show that his counsel was ineffective, the Kentucky Court of Appeals determined that an evidentiary hearing was warranted in order to prove or disprove the plaintiff's allegations.[2]  The Kentucky Court of Appeals rejected the other legal arguments the plaintiff had

---

[2]

The Kentucky Court of Appeals noted that the Commonwealth neither contested the plaintiff's claim that the initial offer was more favorable than the life sentence eventually accepted, nor his claim that he was not informed of the terms of the earlier plea bargain.

4

advanced in his appeal of the denial of the RCr 11.42 motions.

Further review of the record reveals, however, that on September 23, 2005, the Commonwealth of Kentucky filed a "Motion for Discretionary Review" in the Kentucky Supreme Court. *See Commonwealth of Kentucky v. Denney*, 2005-SC-000765. That proceeding is still pending, the record therein reflecting that as recently as November 9, 2005, the Supreme Court entered an order granting the plaintiff an extension of time in which to file a response to the Commonwealth of Kentucky's "Motion for Discretionary Review." Thus, the Kentucky Court of Appeals' April 29, 2005 "Opinion Reversing and Remanding" is not final.

### B. Other Kentucky Court of Appeals Proceedings

The Court takes judicial notice of the fact that the instant plaintiff filed two other original actions in the Kentucky Court of Appeals, both of which sought mandamus relief against Defendant Jerry D. Winchester and the trial court. *See Denney v. Winchester*, Case No. 2004-CA-001906, and *Denney v. Winchester*, Case No. 2005-CA-000130. On December 13, 2004, the Court of Appeals denied the relief the plaintiff sought in Case No. 2004-CA-001906, and that decision became final on February 3, 2005. On May 11, 2005, the Court of Appeals denied the relief the plaintiff sought in Case No. 2005-CA-000130, and that decision became final on August 1, 2005.

### 2. *Heck v. Humphrey* Precludes Relief Sought

The instant complaint stems from the plaintiff's 2003 criminal guilty plea and conviction in the trial court. It is an attempt by the plaintiff to collaterally attack that conviction. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L. Ed.2d 383 (1994), operates as a complete bar to the plaintiff's claims for damages against the defendants at this time.

5

*Heck v. Humphrey* precludes the recovery of civil damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, where the plaintiff is unable to prove that the underlying conviction or sentence has been:  (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such determination; or (4) called into question by a federal court's issuance of a writ of habeas corpus.  *Id.*, 512 U.S. 477, 486-87.

None of the requisite conditions currently exist. The plaintiff is correct that on April 28, 2005, the Kentucky Court of Appeals did reverse and remand the trial court's denial of his RCr 11.42 motion.   That record clearly reflects, however, that the decision is not final because the Commonwealth of Kentucky filed a timely "Motion for Discretionary Review" in the Kentucky Supreme Court on September 23, 2004.   That motion involves the very factual issues which the plaintiff asserts in this §1983 civil action for damages.

At this time, the plaintiff's conviction has not been invalidated under the dictates of *Heck v. Humphrey*.  All of the individuals named as defendants in the complaint were inextricably involved in various capacities in the plaintiff's murder trial.  In light of the pending "Motion for Discretionary Review" of the plaintiff's Rcr 11.42 appeal, it would be premature at this time for this Court to entertain the plaintiff's claims:  (1) that he was denied due process of law in violation of the Fourteenth Amendment, and (2) that the defendants entered into a covert conspiracy to deny him of his due process rights.

The plaintiff's claim for damages under §1983 against these defendants arise out of their alleged actions at his murder trial–action which is still being reviewed on appeal by Kentucky's

6

highest appellate court.[3]  Accordingly, the Court lacks jurisdiction to consider the plaintiff's claims for damages and other relief against the named defendants.

<u>CONCLUSION</u>

Accordingly, it is **ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.  The plaintiff's "Motion for Defendants to Retain Private Counsel" [Record No. 4] is **DENIED** as **MOOT**.

Dated this 22nd  day of November, 2005.

**Signed By:**

*__Karen K. Caldwell__*

**United States District Judge**

---

[3]

The Court notes that the Kentucky Court of Appeals did not definitively determine that the plaintiff's trial attorney had rendered ineffective assistance of counsel by failing to advise him of the terms of the Commonwealth's earlier plea offer during voir dire.  The Kentucky Court of Appeals only concluded that remand was appropriate because the trial court record was inadequately developed, and that an evidentiary hearing was merited, in order to ascertain the circumstances surrounding the offer of the plea bargain at issue.